# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WARREN,<br>    *Petitioner,*<br><br>v.<br><br>PA BOARD OF PROBATION AND<br>PAROLE et al.,<br>    *Respondents.* | CIVIL ACTION<br>NO. 18-0297 |

**Jones, II    J.**                                                                         **March 4, 2019**

## ORDER-MEMORANDUM

**AND NOW**, this 4th day of March, 2019, upon careful and independent consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), the Report and Recommendation of the Honorable Jacob P. Hart, United States Magistrate Judge (ECF No. 19), Petitioner's Objections to the Report and Recommendation (ECF No. 20), Respondent Pennsylvania Board of Probation and Parole's Response to Petitioner's Objections (ECF No. 25), Respondent District Attorney of the County of Lehigh's Response to Petitioner's Objections (ECF No. 26), and Petitioner's Response to Respondents' Responses to Petitioner's Objections (ECF No. 27), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.
2. The Petition for Writ of Habeas Corpus is **DENIED**.
3. There is no basis for the issuance of a certificate of appealability.

**RELEVANT BACKGROUND**

Petitioner Daniel Warren ("Warren") does not object to the recitation of the relevant factual and procedural background set forth in the Report and Recommendation ("R&R"), which relies upon, in large part, the facts and proofs provided by Warren is his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (*See* ECF No. 1). As such, and upon independent verification of the record, this Court adopts the following facts as authored by the Honorable Magistrate Judge Hart.

> On December 28, 1998, as a result of a conviction for burglary, Warren was sentenced to a term of imprisonment of 10 to 20 years. His original maximum and minimum dates for the sentence were November 28, 2007 and November 28, 2017. Respondent's Ex. A (Dep't. of Corrections Sentence Status Summary Sheet). He also had two prior burglary convictions. Respondent's Ex. B (Memorandum Opinion).
>
> On March 16, 2009, the Board released Warren on parole to the Hazleton Treatment Center. Respondent's Ex. C (Board's Release Order). By a decision recorded on November 18 and mailed December 3, 2010, the Board recommitted Warren as a technical parole violator for violating conditions #5A (use of drugs), condition #7, count #1 (consumption of alcohol) and condition #7, count #2 (failure to pay supervision fees). Respondent's Ex. D (Board's recommitment decision).
>
> On May 9, 2011, Warren entered a guilty plea to charges of Receiving Stolen Property in the Court of Common Pleas of Northampton County and was sentenced to a term of imprisonment of 9 to 23 months. Respondent's Ex. E (Court's Sentencing Order). As a result of that conviction, the Board recommitted Warren as a convicted parole violator by a decision recorded August 5 and mailed August 24, 2011. Respondent's Ex. F (Board's Recommitment Decision).
>
> By a decision recorded on January 23 and mailed January 31, 2012, the Board recalculated his maximum sentence date as April 22, 2020. Respondent's Ex. G (Notice of Board's Decision mailed January 31, 2012).
>
> Warren was reparoled to an approved home plan on July 22, 2012. Respondent's Ex. H (Board's Order to Release).
>
> On June 6, 2013, Warren was convicted of Use/Possession of Drug Paraphernalia. Respondent's Ex. I (Lehigh County Court's Order).

2

By way of a Board decision recorded on August 15, 2013 and mailed on August 29, 2013, the Board recommitted Warren as a technical parole violator for violating condition #4 (failure to comply with all laws) of his parole. Respondent's Ex. J (Board Recommitment Decision mailed August 29, 2013). The decision noted that he would be automatically reparoled upon completion of programs and the reparole date was not to exceed November 6, 2013. Id.

On September 10, 2013, Warren was released to an approved home plan. Respondent's Ex. K (Order to Release).

By a decision recorded on November 25, 2014, the Board recommitted Warren as a technical parole violator for violating condition #5A (Use of Drugs). Respondent's Ex. L (Board's Decision mailed December 18, 2014).

The Board released Warren on reparole to the Allentown Community Corrections Center (CCC) on January 2, 2015. Respondent's Ex. M (Board's Release Order).

On November 20, 2015, the Board issued a decision recommitting Warren as a technical parole violator to serve 6 months backtime for violating condition #7 (failure to abide by no contact condition) of his parole. Respondent's Ex. N (Notice of Board Decision recorded November 20, 2015).

On February 4, 2016, Warren was convicted of Criminal Trespass and sentenced to 30 to 60 months of imprisonment. Respondent's Ex. O (Lehigh County Court of Common Pleas Sentencing Order).

By a decision recorded on April 19, 2016, the Board modified its prior decision dated November 20, 2015, in which it recommitted Warren as a technical parole violator to serve 6 months of backtime. As a result of the criminal trespass conviction, the Board now ordered that the reparole portion be deleted, that Warren be recommitted to serve 6 months of backtime as a technical parole violator and 18 months backtime as a convicted parole violator, to be served concurrently, for a total of 18 months backtime. Respondent's Ex. P (Notice of Board Decision recorded on April 19, 2016 and mailed May 25, 2016). The Notice indicated that he would not be eligible for reparole until August 4, 2017 and listed his parole violation maximum date as February 24, 2023. Id.

By a decision recorded on May 22, 2017, following an interview and review of his file, the Board denied Warren reparole. The Board's stated reasons for the denial were his risk and needs assessment indicating his level of risk to the community and his prior unsatisfactory parole supervision history.

> Respondent's Ex. Q (Board's Decision Recorded on May 22, 2017 Denying Reparole). The letter stated that he would be reviewed again in or after June 2018 and the Board would consider whether he had successfully completed a treatment program for substance abuse and batterer's intervention, as well as his compliance with Department of Corrections Mental Health Services, whether he maintains a clear conduct record, whether he has completed the Department of Corrections prescriptive programs, and the psychiatric/psychological evaluation to be available at the time of review. Id. Warren was permitted to file an application for reparole no sooner than one year from the date of the denial. Id.
>
> Petitioner did not appeal the denial of his parole in state court. He filed the present petition for writ of habeas corpus on January 16, 2018.[] Petitioner now alleges that the Board's denial of parole on May 22, 2017 was 'arbitrary and founded on impermissible criteria such as false factors in violation of petitioner's Fourteenth Amendment rights to the United States Constitution.' Petition (Doc. No. 1) at 4. The Pennsylvania Board of Probation and Parole and the District Attorney of Lehigh County filed Responses. (Docs. No. 9, 13). This Court denied Petitioner's request to compel discovery and an extension of time to file a Reply until after such discovery was received. However, Petitioner was given 30 days to file a Reply. He failed to file a Reply, but instead filed a Motion to Expedite Proceedings and a Motion for Preliminary Injunction. (Docs. No. 17, 18).

After a careful and complete review of the relevant filings, the Honorable Magistrate Judge Hart recommended that the Petition be denied. (ECF No. 19, p. 12). Warren timely filed objections (the "Objections") to the R&R (ECF No. 20), which this Court considers herein. Respondent Pennsylvania Board of Probation and Parole (the "Board") and Respondent District Attorney for the County of Lehigh ("Lehigh") filed responses to Petitioner's Objections. (ECF Nos. 25, 26). Warren then filed a response to the Respondents' Responses to Petitioner's Objections ("Petitioner's Response"). (ECF No. 27). For the brief reasons that follow, the Objections are overruled and the Petition is denied.

### DISCUSSION

I. **Petitioner's Objections and Standard of Review**

Rather than challenge the bases for the Honorable Magistrate Judge Hart's recommendation, Warren simply reiterates his perceived entitlement to relief as set forth in the

Petition.  (*See* ECF No. 20).  The only additional information added to the Objections that does not concern the Petition concerns other motions Warren has filed throughout the course of this litigation.  (ECF No. 20, p. 1).  Similarly, in Petitioner's Response he mostly reiterates the claimed bases for relief set forth in the Petition.  The one exception being his challenge to the Board's argument that Warren's claims are now moot given a June 25, 2018 decision paroling him as to his state detainer sentence.  (*Compare* ECF No. 25, p. 2 *with* ECF No. 27, pp. 1-2).

Pursuant to 28 U.S.C. § 636(b)(1)(c), a district court reviewing a habeas corpus petitioner's objections to a magistrate judge's report and recommendation must "make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made."  *Accord* F. R. C. P. 72(b).  Where these prerequisites have not been met, the Third Circuit Court of Appeals has held that it is best to review dispositive legal issues addressed in the report for plain error or manifest injustice.  *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987*)*; *see also Harper v. Sullivan*, No. 89-4272, 1991 WL 24908, at *1 n.3 (E.D. Pa. Feb. 22, 1991).

Given Warren's *pro se* status, the Court has construed the Objections and Petitioner's Response as liberally as reasonableness will allow.  *See Higgs v. Att'y Gen.*, 655, F.3d 333, 339 (3d Cir. 2011).  However, the Court is unable to discern any specific objections to the R&R.  The only specific objection made by Warren concerned the Board's mootness argument which does not require consideration, let alone *de novo* review, given that this was not a basis relied upon in the R&R for dismissal of the Petition.  As Warren has not raised any specific objections to the R&R, the Court will review the legal issues raised therein for plain error or manifest injustice.  For the brief reasons that follow, the Objections are overruled and the Petition is denied.

## II. Standard of Review and Exhaustion Under the AEDPA

As correctly set forth in the R&R, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), entitlement to habeas relief pursuant to 28 U.S.C. § 2254(d) requires that Warren demonstrate that a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 367 (2000).

Like most other federal statutory schemes of a similar nature, under the AEDPA a petitioner must comply with the statute's exhaustion requirement by permitting a state court a full and fair opportunity to address his or her claims. 28 U.S.C. § 2254(b)(1)(A). Where a petitioner did not challenge the denial of parole in state court, as is the case here, a petitioner may nonetheless seek habeas relief if the challenge to the denial is on permissible constitutional grounds, such as a Fourteenth Amendment violation. (ECF No. 19, p. 6).

## III. Petitioner's Due Process Violation Claims

### A. Procedural Due Process

To state a viable procedural due process claim, Warren must first demonstrate that he was deprived of a constitutionally protected liberty interest. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). If that threshold inquiry is met, the Court would then consider whether the procedures attendant to the deprivation were constitutionally sufficient. *Id.* Here, Warren is seeking relief for the denial of his parole. However, there is no right to parole under Federal or Pennsylvania law. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. . . . [T]he conviction, with all its procedural safeguards, has extinguished that liberty right"); *see also*

*Rogers v. Pa. Bd. of Prob. and Parole*, 555 Pa. 285, 289 n.2 (Pa. 1999) ("A prisoner has no absolute right to be released from prison on parole . . . A prisoner has only a right to apply for parole at the expiration of his or her minimum term and to have that application considered by the Board").

Accordingly, the Court agrees with the recommendation in the R&R that Warren's procedural due process violation claim fails because he did not establish the existence of a protected liberty interest. Given this failure, the Court need not address the second prong of the procedural due process inquiry. (ECF No. 19, p. 7).

      B.  Substantive Due Process

In the context of parole determinations, it is well understood that "[f]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Goodman v. McVey*, 428 Fed. Appx. 125, 127 (3d Cir. 2011) (internal citations omitted). Thus, a substantive due process claim only arises, where there was an "arbitrary, wrongful government action[]". *Carney v. Pennsylvania Bd. of Probation and Parole*, No. 13-2553, 2014 WL 1632187, at *1 n.1 (E.D. Pa. Apr. 23, 1014) (citing *Hunterson v. DiSabato*, 308 F.3d 236, 248 (3d Cir. 2002). The requisite level of arbitrariness requires a petitioner to demonstrate that an action was "conscience shocking" or "deliberately indifferent." *Hunterson*, 308 F.3d at 247. Such wrongful action exists where there was an "exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).

Warren has argued that the Board's reasons for denying his parole were arbitrary because "Petitioner is in compliance with and has satisfied all of the requirements for parole by the

D.O.C. standards and the Board" yet at his parole hearing the examiner was not receptive to the positive information he presented. (ECF No. 1, pp. 17-18). Rather, she kept asking, "why she should not max petitioner out." (ECF No. 1, p. 17). Warren perceived this as evidence that "the hearing examiner had made up her mind that petitioner was denied parole and now petitioner had to demonstrate why he should not have to complete the rest of his sentence up to his maximum date." (ECF No. 20, p. 2). However, as stated above, Warren has no right to parole. Consequently, there was nothing improper with him having to demonstrate why he should be given parole. Moreover, there is ample evidence supporting the Board's denial of his parole based upon his multiple prior parole violations.

Warren did not address his history of parole violations, instead he focused on the Board's assessment that in addition to his unsatisfactory parole history he posed an unacceptable risk to the community. (*Compare* ECF No. 1, p. 18, *with* ECF No. 9-1, pp. 63-64). Warren argued that whatever risk the Board felt he posed was moot, because upon parole he would have begun another sentence rather than be released into the community. (ECF No. 1, p. 18). Though the Court appreciates Warren's point, there is still a sufficient basis in his parole history alone to justify denial, regardless of the assessments made about his risk to the community. The Court will not second-guess the Board's decision where there is record evidence providing a basis for its decision. *See Goodman,* 428 Fed. Appx. at 127.

At base, Warren's arguments amount to no more than disagreement with the Board's determination – not a demonstration that the decision was based upon "considerations that bear no rational relationship to the Commonwealth's interests." *Goodman v. Kerestes*, No. 14-1319, 2016 WL 7365208, at *5 (M.D. Pa. Nov. 3, 2016).

## **CONCLUSION**

In accordance with the Honorable Magistrate Judge Hart's recommendations set forth in the R&R, the Court finds that Warren's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 fails to state a deprivation of his Fourteenth Amendment rights. The Court finds no plain error or manifest injustice with the legal issues raised in the R&R. Because Warren has made no showing, let alone a "substantial showing," of the denial of a constitutional right, this Court finds no probable cause upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.